[Civ. No. 2467. First Appellate District.—March 25, 1918.]

MOORE & SCOTT IRON WORKS (a Corporation), et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

WORKMEN'S COMPENSATION ACT—DEATH OF SHIP BOLTER—DEPARTURE FOR LUNCH BY UNUSUAL ROUTE.—Where a person employed as a bolter-up within the hull of a ship in the course of construction left his employment for the purpose of going to lunch, taking an unusual route, and in going down a scaffolding and ladder on the outside of the ship, was killed, his death did not take place within the course of his employment, within the meaning of the Workmen's Compensation Act.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the First Appellate District to annul an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Redman & Alexander, for Petitioner.

Christopher M. Bradley, for Respondents.

THE COURT.—The award of the Industrial Accident Commission in this case must be annulled upon the following considerations:

Michael Higgins, employed as a bolter-up within the hull of a ship in the course of construction at the Moore & Scott

Iron Works, left his employment for the purpose of going to his lunch; he went by an unusual route, and undertook to go down a scaffolding and ladder on the outside of the ship—a means not intended for his use in leaving the ship at any time—another and perfectly safe method of exit having been provided by his employers. In doing so he lost his hold and fell, and was killed.

Upon these facts it must be held that the death of Higgins did not take place in the course of his employment; nor was he at the time of the accident performing any service growing out of or incidental to his employment, nor acting within the course thereof. (*Fitzgerald* v. *Clarke & Son*, 1 B. W. C. C. [Eng.] 197.)

The findings of the commission to the effect that he might have been leaving his work for the purpose of getting more bolts for use therein, or for the purpose of getting fresh air, seem to us to rest upon nothing but conjecture. There is no evidence in the record to sustain them. The fresh air, if he needed it, could have been obtained in a perfectly safe place upon the deck of the vessel, and nearer to the point of his immediate employment than the scaffolding from which he fell, and there seem to have been no bolts or other material necessary to his work to be obtained at the place toward which he was going. It is certain from this record, it seems to us, that he was, as has been said, simply abandoning his work before the hour when he was permitted to leave it.

The award is annulled.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 24, 1918.