E. I. duPONT deNEMOURS & CO., Inc., et al. v. REDDING et al.

No. 31371. March 28, 1944.

*147 P. 2d 166.*

Bridges, Parry & Krueger, of Tulsa, for petitioners.

Harry G. Davis and Thomas J. Wiley, both of Muskogee, and Mac Q. Williamson, Atty. Gen., for respondents.

OSBORN, J. This is an original proceeding brought by E. I. duPont de Nemours & Company, Inc., hereinafter referred to as employer, and its insurance carrier, the Travelers Insurance Company, petitioners, to review an award made to respondent, D. A. Redding, hereinafter called claimant.

Claimant filed his first notice, dated the 25th day of July, 1942, with the State Industrial Commission, alleging that he was injured on the 16th day of April, 1942, at 5:44 p.m., by wrenching the joints in both shoulders and left elbow and severely bruising the large muscle in his left arm. Petitioners filed answer denying claimant's allegations, and especially denying the claimant sustained an accidental injury arising out of and in the course of his employment. Upon hearing, on March 11, 1943, the State Industrial Commission made and entered its award in favor of claimant.

The nature of the employment or the cause and extent of the disability are not issues in this proceeding. The sole question presented is whether the accidental injury arose out of and in the course of employment.

The record discloses substantially the following facts: The claimant was employed at the powder plant operated by employer near Chouteau, as a carpenter foreman; that on April 16, 1942, he

worked at his regular work as a carpenter foreman until 4:30 p.m., at which time he went to a safety meeting, and thereafter he attended a carpenter foremen's meeting; that these meetings were arranged by the management of employer, and it was compulsory for the claimant to attend and he was paid for his time; that the claimant lived in Muskogee, and usually went home on the shuttle train, but on the evenings the meetings were held the train left before the meetings were over, and it was necessary to drive a car, which was parked in a parking lot, maintained by the employer for the benefit of the employees who drove their cars to work and for the general public; that the parking lot is located adjacent to and immediately outside of the fenced-in restricted area where claimant works, near the "clock alley gate"; that the parking lot is operated by and under the direct supervision of the employer in compliance with the terms of an operating contract with the owner, the United States Army; that the car in which claimant had come to work that morning was parked upon said lot under the directions of the guard; that 4x4 posts about 20 inches high, with a 2x4 running flat on top, designated the parking alleys. After these meetings on the evening of April 16, 1942, the claimant "clocked" his card and was in the act of approaching the car in which he was to ride home, which was parked about 350 feet from the "clock alley gate," when he tripped over the "lane dividers" and fell, receiving the injury complained of.

F. H. McDonald, project manager for employer, made an affidavit, which was offered by the petitioners and it was stipulated that same could be treated as evidence, the material part of which is:

"Affiant says further that immediately outside of the fenced-in restricted area to the north lies a strip of land approximately one-half mile wide and three miles long; that on this strip of land is constructed a four-lane military highway to carry the traffic from U. S. Highway 69 to and from a parking lot situated immediately outside the fenced-in, restricted area at a point near the clock alley gate; that this parking lot, as well as said military highway, is open to the general public and is supervised and its traffic directed by the plant guard employed and under the direct supervision of the E. I. duPont deNemours & Company, in compliance with the terms of the operating contract written with the owner, United States Army."

Based upon these facts the State Industrial Commission entered an order and award for the claimant, and the petitioners have commenced this proceeding to review such award.

The employer contends that the facts are not sufficient to show that claimant's injury arose out of and in the course of his employment, because there was no causal connection between claimant's injury and his employment.

The claimant seeks to sustain the award on the theory that the course of employment, within the meaning of the Workmen's Compensation Act, does not begin and end with the actual work which the injured person was employed to do, but covers the period between his entering his employer's premises, a reasonable time before beginning his actual work, and his leaving the premises within a reasonable time after his day's work is done. Roxana Petroleum Corp. v. State Industrial Commission, 134 Okla. 181, 272 P. 847, 49 A.L.R. 424, 82 A.L.R. 1040.

It is generally held that an injury sustained by an employee while going to or from his work occurring on the premises owned or controlled by his employer, is deemed to have arisen out of and in the course of his employment. 82 A.L.R. 1040; Superior Smokeless Coal & Mining Co. v. Hise, 89 Okla. 70, 213 P. 303; Roxana Petroleum Corp. v. State Industrial Commission, supra.

Those cases, holding that an injury sustained by an employee while on his way to or from work, *and away from the premises* owned or controlled by the employer, usually does not arise out of and in the course of the employment,

have no application here, because in this case the accident occurred on the premises controlled by the employer, as was found by the commission, based upon ample evidence to sustain such finding.

For an injury to be compensable under the Workmen's Compensation Law, it must have been sustained both "in the course of" the employment and must have "arisen out of" the employment. In Stanolind Pipe Line Co. v. Davis, 173 Okla. 190, 47 P. 2d 163, we held:

"In Workmen's Compensation Act the words 'in the course of' refer to the time, place, and circumstances under which the accident occurred, and the words 'arising out of' refer to the origin and cause of the accident and its connection with the employment."

And in Chickasha Motor Co. v. State Industrial Commission, 174 Okla. 304, 50 P. 2d 308, we said:

" 'Arising out of' the employment, as used in the law, means that there is apparent to the rational mind, upon consideration of the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury."

When we apply these rules to the facts herein, we think there are sufficient facts to sustain a conclusion that the injury resulted from a risk reasonably incident to the employment, apparent to the rational mind upon consideration of all the circumstances. The employee attended the meetings after his regular working hours, and after his usual means of transportation had gone. His attendance at the meeting was compulsory, and in the interest of the employer. His going upon the parking lot, controlled and supervised by the employer, was a reasonable incident to his going home. A reasonable time must be given an employee to separate himself from the plant and its dangers. Field et al. v. Charmette Knitted Fabric Co. et al., 245 N. Y. 139, 156 N.E. 642.

In the case of Freire v. Matson Nav. Co., 19 Cal. 2d 8, 118 P. 2d 809, the Supreme Court of California held that even though the injury occurred outside the premises of employer, the hazard involved was so closely connected with the employment as to be within the "zone of employment," and therefore the injury was compensable under the Workmen's Compensation Law, and the court said:

"The fact that the accident happened some minutes before plaintiff was to begin work is immaterial. Judson Mfg. Co. v. Industrial Acc. Comm., supra. See Cromwell v. Los Angeles Ry. Corp., supra. 'The employment contemplated his entry upon and departure from the premises as much as it contemplated his working there, and must include a reasonable interval of time for that purpose.' Cudahy Packing Co. v. Parramore, supra, 263 U. S. page 426, 44 S. Ct. page 155, 68 L. Ed. 366, 30 A.L.R. 532."

The fact that the accident causing the injury occurred on the premises of employer does not of itself determine the liability of the employer, but the fact that it occurred on the premises operated and controlled by employer, connected with the fact that employee was rightfully upon the premises, as a result of his employment, and was leaving in the customary manner at the close of the day's work, makes the act of leaving "in the course of employment."

The parking lot, even though open to the public, is supervised, and its traffic directed by, the plant guard, employees of the employer, and under the direct supervision of employer, in compliance with the terms of the operating contract with the United States Army. The operation and control of the parking lot was as much the duty of the employer as the operation and control of the plant proper. It was controlled and operated for the mutual benefit of employer and employee.

In Dewar v. General Motors Corp., Linden Division, 19 N. J. Misc. 297, 19 A. 2d 194, it was held:

"An injury suffered on parking lot owned and controlled by employer for mutual benefit of employer and em-

ployee, when employee fell after completing his work and proceeding toward automobile to go home, was compensable as 'arising out of employment' and in the 'course of employment.' "

The proximity of time and place of the accident causing the injury coincides with the time and place of employment, and we are of the opinion that the injury arose out of and in the course of employment.

Award sustained.

RILEY, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.