BELSCOT FAMILY CENTER and the Travelers Insurance Company, Petitioners,

v.

Faye Ann SAPCUT and State Industrial Court, Respondents.

No. 45804.

Supreme Court of Oklahoma.

April 10, 1973.

Rehearing Denied May 22, 1973.

Donald L. Henderson and James Wm. Brown, Tulsa, for respondents.

Sanders, McElroy & Carpenter, by Jerry H. Holland, Tulsa, for petitioners.

WILLIAMS, Justice.

Respondent, hereinafter called claimant, as surviving widow with two dependents, filed form 3–A seeking award of death benefits by reason of death of husband (George C. Sapcut) from accidental injuries received December 7, 1971 during employment with petitioner, herein called re-

spondent. The trial judge found deceased sustained accidental personal injuries arising out of and in course of employment, and awarded death benefits to surviving widow and two minor children. This order was affirmed on appeal to the State Industrial Court sitting en banc by divided vote.

The only issue for review involves correctness of the order finding deceased suffered accidental injury which arose out of and in course of employment. The uninvolved factual background is summarized briefly.

Deceased was employed part-time in respondent's retail establishment. As on two or more other occasions, deceased rode a motorcycle to work that day and parked the machine on the sidewalk near the store entrance to prevent its being struck by other vehicles in the parking lot provided for customers and employees. The store closed at 10:00 P.M. and Mr. Sapcut left the building and mounted and started his machine. The cycle then was driven west along the sidewalk for some 125 feet, then off a nine-inch step or drop-off onto the parking lot, then only 5% to 10% occupied, swerved slightly left and continued approximately 49 feet west where it ran head-on into a high retaining wall. Mr. Sapcut expired December 13, 1971 from injuries received in this accident. Eyewitness testimony disclosed the machine "revved up" violently and maintained constant speed before leaving the sidewalk, and deceased seemed to lose control before striking the wall. Normal direction of travel between respondent's parking lot and the public streets was to and from both north and south but not the west.

For vacation of the described order respondent contends that for an injury to be considered as having arisen out of and in course of employment, it must appear to a rational mind under all attendant circumstances a causal connection exists between the conditions under which the work is required to be performed and the injury said to have resulted. The causative danger must be reasonably incident to the employment. Liebmann Arctic Ice Co. v. Henderson, Okl., 486 P.2d 739.

To support the order, claimant relies upon decisions involving injuries occurring while going to and from work upon premises owned or controlled by an employer. Superior Smokeless Coal & Mining Co. v. Hise, 89 Okl. 70, 213 P. 303. Initially, we observe this case presents no circumstance involving special hazard along the normal route of ingress and egress, or hazard arising from travel between two portions of an employer's premises. Snodgrass v. Douglas Aircraft Co., Okl., 406 P.2d 463; Swanson v. General Paint Co., Okl., 361 P.2d 842.

■ Concededly, injury to an employee while going to or from his work occurring upon employer's premises ordinarily is deemed to have arisen out of and in the course of his employment. Max E. Landry, Inc. v. Treadway, Okl., 421 P.2d 829, 831 and cases cited. The rule is subject to recognized limitation. First, the hazard or risk involved must be peculiar to the work performed as opposed to one to which the public generally is subjected. Snodgrass, supra. Second, circumstances involved must establish causative connection between conditions under which work is required to be performed and the resulting injury. White v. Milk Producers, Inc., Ok., 496 P.2d 1172, 1174.

An added factor of controlling importance was recognized in E. I. Dupont de Nemours & Co. v. Redding, 194 Okl. 52, 147 P.2d 166, 168, wherein, as related to the facts of that case, but distinguishable from those in this case, we said:

"The fact that the accident, causing the injury occurred on the premises of the employer does not of itself determine the liability of the employer, but the fact that it occurred on the premises operated and controlled by the employer, connected with the fact that employee was rightfully upon the premises, as a result of his employment, and was leaving in the customary manner at the close of the

day's work, makes the act of leaving 'in the course of the employment'."

◼◼ We have defined two phrases in the Workmen's Compensation Act, 85 O.S. 1971, § 1 et seq. many times. "In the course of" concerns time, place and circumstances of accidental injury. "Arising out of" concerns origin and cause of accidental injury. Liebmann Arctic Ice Co., supra. The latter phrase provides basis for requiring causal connection between conditions under which work is required to be performed and resulting accidental injury. Hegwood v. Pittman, etc., Okl., 471 P.2d 888.

◼ The facts of the accidental injury are undisputed. Deceased was rightfully upon respondent's property while in act of leaving employment. This establishes deceased was within course of his employment when injured. However, absence of the other requisite is noticeable and the chain of causation ends. Assuming respondent's acquiescence in parking the cycle upon the sidewalk, the usual and customary means of egress when leaving work was to the north or to the south to the street. The respondent had nothing to do with deceased's manner of coming and going. Deceased did not elect to follow the usual and customary manner of leaving work but, for some unexplained reason, deliberately drove along a pedestrian sidewalk, off a perceptible step, and directly west across an area which provided no egress, thereupon striking the retaining wall.

The risk entailed in this conduct was not reasonably incident to the employment. Nothing discloses a causal connection between conditions under which deceased finished work and his attempted departure from the premises and resulting injury. Whatever may have compelled deceased's departure from the premises in the described unusual and uncustomary manner, nothing points to any action in furtherance of employment.

We are of the opinion neither of the requirements for finding injury arising in course of employment specified in *Lieb-*

*mann,* supra, are present. Deceased's accidental injuries did not arise out of employment with respondent. The State Industrial Court erred in so finding, and in entering the award here reviewed.

Accordingly, the award is vacated.

DAVISON, C. J., and BERRY, HODGES, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.

IRWIN, J., concurs in result.