STATE FARM INSURANCE COMPANY, a corporation, and American Motorists Insurance Company, a corporation, Petitioners,

v.

WORKER'S COMPENSATION COURT and Patricia Roach, Respondents.

No. 52939.

Supreme Court of Oklahoma.

April 1, 1980.

Rehearing Denied May 5, 1980.

Lamun, Mock, Featherly, Baer & Timberlake by Henry F. Featherly, Oklahoma City, for petitioners.

Bennett & Taylor by Bob E. Bennett, Ada, for respondents.

IRWIN, Vice Chief Justice.

The question presented is whether decedent's injuries and resulting death for which death benefits were awarded by the Worker's Compensation Court to decedent's surviving spouse (Patricia Roach—Claimant) "arose out of" decedent's employment. The Court of Appeals, Div. No. 2, sustained the finding of the Worker's Compensation Court that they did and the order awarding death benefits. Petitioners seek certiorari.

Charles T. Roach (decedent), an employee of State Farm Insurance Company (State Farm) attended a "training conference" scheduled by State Farm at Arrow Head Lodge. The employees of State Farm were expected to attend the conference which was arranged as a seminar and opportunity for the employees "to get together and mix and become better acquainted."

The conference was scheduled for Thursday, Friday and Saturday. A "recreation" time was programmed from 1:00 p. m. to 7:30 p. m. on Friday. This was the employees' free time, and they could fish, play golf or do anything they wanted to do.

Decedent attended the conference on Thursday and Friday morning. On Friday afternoon during the scheduled recreation time, he went trail riding on a motorcycle he had pulled to the conference on a trailer behind his automobile. There was no place for trail riding at Arrow Head so he took his motorcycle to Camp Gruber Military Reservation. Camp Gruber is approximately 35 miles from Arrow Head. Two of claimant's supervisors knew that decedent was going to Camp Gruber to trail ride and voiced no objections. They testified they considered decedent was "on duty with State Farm" during the free time. No other employees accompanied decedent to Camp Gruber. Decedent sustained accidental injuries while trail riding and died approximately three weeks later.

It is conceded that decedent was expected to attend the conference at Arrow Head and he was "on duty" at the time of the accident. State Farm does not contend that decedent's injuries were not sustained in the course of his employment but contends they did not arise out of his employment. State Farm points to the distinction between the two as set forth in *Belscot Family Center v. Sapcut*, Okl., 509 P.2d 905 (1973) wherein we held:

" 'Arising out of employment' and 'arising in the course of the employment' are not synonymous; former refers to origin and cause while latter refers to time, place, and circumstances. 85 O.S.1971, §§ 2, 3(7), 11.

" 'Arising out of the employment' requires that injury result from risk reasonably incident to employment and that causal connection between employment and injury be shown. 85 O.S.1971, §§ 2, 3(7), 11."

In *Belscot* the retail store owner-employer acquiesced in its employee parking his motorcycle on the sidewalk near the entrance to the store. The employer had nothing to do with employee's manner of coming and going but on the day of the accident, the employee did not elect to follow the usual and customary manner of leaving the premises, but for some unexplained reason, deliberately drove along a pedestrian sidewalk, off a perceptible step and directly across an area which provided no egress and struck a restraining wall. We held the risk entailed in the conduct was not reasonably incident to the employment and vacated the Industrial Court's order awarding death benefits.

In *Hegwood v. Pittman*, Okl., 471 P.2d 888 (1970) we held:

"An injury is received 'in the course of the employment' when it occurs while the workman is doing the duty which he is employed to perform. It 'arises out of the employment' when there is apparent to the rational mind upon consideration of all the circumstances a causal relation between the conditions under which the work is required to be performed and the resulting injury."

In *Loggins v. Wetumka General Hospital*, Okl., 587 P.2d 455 (1979) we held:

"To establish injury as arising out of employment, causal connection between employment and injury must be shown. An act leading to injury must be a part of the duty an employee was hired to perform, or reasonably incident thereto. [Citations omitted] Injury does not arise out of the employment unless a result of the nature, conditions, obligation, or incidents of employment."

Respondent-claimant argues that decedent was attending the conference at Arrow Head Lodge as a part of his job, and the "free" period during which he was injured was a part of his job and his supervisors approved his trail ride during the "free" period.

The fact that State Farm's supervisors testified they considered decedent to be "on duty" at the time of the accident is not conclusive of decedent's status which must be determined from surrounding facts and circumstances. The label a party places on one's status is not binding in a judiciary proceeding.

The uncontroverted facts disclose that the injuries sustained by decedent had nothing to do with the physical surroundings or activities at the conference or the conditions of his employment. State Farm merely permitted its employees to have a "free" period, to do anything they wanted to do, without direction or compulsion. Trail riding at Camp Gruber, some 35 miles from the conference, was wholly unrelated to the conference or the employment. Decedent's injuries while trail riding at Camp Gruber did not result from a risk reasonably incident to his employment, and there is no causal relation apparent to the rational mind between the conference activities and surroundings and decedent's trail riding some 35 miles away. Decedent's injuries were simply unrelated to the nature, conditions and incidents of the conference or the conference activities and did not "arise out of" his employment.

The trial tribunal erred in finding that decedent's accidental injuries and resulting death "arose out of" his employment and awarding death benefits to respondent-claimant. The order awarding death benefits is vacated and the cause is remanded with instructions to dismiss the claim.

Certiorari granted; Opinion of the Court of Appeals vacated; Order of the Worker's Compensation Court awarding death benefits vacated and cause remanded with instructions to dismiss the claim.

WILLIAMS, BARNES, SIMMS, DOOLIN and OPALA, JJ., concur.

LAVENDER, C. J., and HODGES and HARGRAVE, JJ., dissent.