Lloyd Andrew
BRECKENRIDGE, Petitioner,

v.

BRAY LINES, Own Risk, and The
Workers' Compensation Court,
Respondents.

No. 66325.

Supreme Court of Oklahoma.

Sept. 19, 1989.

Rehearing Denied Dec. 5, 1989.

David P. Reid, Ash, Crews & Reid, Okmulgee, for petitioner.

Paul V. McGivern, Jr., MicGivern, Scott, Gilliard, McGivern & Robinson, Tulsa, for respondents.

SIMMS, Justice:

Claimant in this workers' compensation case was employed as an interstate truck driver for Bray Lines. On the incident in issue, he was assigned to take cargo from Los Angeles, California to Kenner, Louisiana, a suburb of New Orleans. Since its drivers were paid by the mile, the employer expected and directed its drivers to take the shortest, most direct route to their destination. The shortest route, in this case, would have been across the southern portions of Arizona, New Mexico, and Texas, through Houston and up to New Orleans. At Las Cruces, New Mexico, however, claimant veered north and deviated from the route 270 miles in order to visit his

family in Tulsa. Furthermore, in checking in with the dispatcher, he lied about his location, claiming to be in Houston when in fact he was in Paris, Texas, on his way back from Tulsa. In Buna, Texas, approximately 30 miles from New Orleans, claimant was involved in a traffic accident and sustained injuries for which compensation is sought.

The trial court rendered an award for the claimant. The Workers' Compensation Panel reversed, ruling that it was against the clear weight of the evidence and contrary to Oklahoma law for the trial court to find that the injury arose out of and in the course of employment, since the claimant had obviously made a substantial deviation from his route for purely personal reasons.

On appeal, the Court of Appeals, Division 4, reversed the decision of the Workers' Compensation Review Panel and remanded the cause with instructions to reinstate the award. In so doing, the Court of Appeals reweighed the evidence and concluded that even though the claimant had made a substantial deviation from his assigned route for purely personal reasons, the accident would be covered because it occurred only 30 miles from claimant's assigned route. The deviation was, the Court of Appeals concluded, "in a relative sense, de minimus." Certiorari has been granted by order.

■ The Court of Appeals did acknowledge in its opinion that the general rule in this state is that where an employee has substantially deviated from job connected travel for purely personal purposes, injuries received will not normally be compensated, and cited *Anderson v. Allis–Chalmers Mfg. Co.*, Okl., 387 P.2d 479 (1963). This is an accurate statement of the law.

The Court of Appeals found, however, that this rule had been "eroded" by various exceptions and qualifications so that it would not apply to a de minimus deviation. Then relying on a highly selective interpretation of Larson's treatise,[1] including reproduction of a triangular pattern of deviation contained therein, and some nonper-

suasive out-of-state cases, the Court of Appeals concluded that this deviation was "in a relative sense, de minimus" because the accident occurred on the leg of the triangle going back to the destination and close to the assigned route. Having so characterized the deviation, the court then found that the general rule would not prohibit coverage of this accident although the 270 mile deviation was for purely personal reasons.

■ We agree with the employer that the Court of Appeals' decision is contrary to established law of this jurisdiction, and ignores the proper standard of review. That court simply reweighed the evidence, finding the "legal scales" tilted in favor of claimant. In doing so the court, of course, invaded the fact finding province of the tribunal. This Court recently again clarified the applicable standard of review in *Parks v. Norman Municipal Hospital*, Okl., 684 P.2d 548, 552 (1984): "... our responsibility is to canvass the facts, not with an object of weighing conflicting proof in order to determine where the preponderance lies, but *only* for the purpose of ascertaining whether the tribunal's decision is supported by competent evidence."

The law in Oklahoma is clear: a substantial deviaiton from a business trip for purely personal purpose takes an otherwise compensable accident out of the scope of employment. *Anderson v. Allis–Chalmers*, supra; *Qualls Transfer v. Cummings*, Okl., 505 P.2d 183 (1973).

■ There are no Oklahoma cases which would permit recovery on facts similar to these where claimant was injured on a major deviation for purely personal purposes. Nor we believe, would those jurisdictions relied on by the Court of Appeals allow recovery. A thorough reading of those cases reveal major facutal distinctions which make them inapplicable here.

■ The Court of Appeals also misplaced reliance on the fact that the employer paid some temporary total payments to claimant following the accident. This does not suggest a ratification of the deviation or an

1. A. Larson, The Law of Workmen's Compensation, §§ 19.00–19.63 (1986).

admission of compensability. An employer is not estopped from contending in subsequent proceedings that a claim is not compensable. See, *Jakes Casing Crew v. Grant,* Okl., 451 P.2d 700 (1969).

Additionally employer's deviation policy does not permit over a 10% deviation. Clearly by going to Tulsa claimant was outside employer's deviation policy.

The decision of the Court of Appeals, Division 4, in this case is vacated and the decision of the Workers' Compensation Review Panel is reinstated.

HARGRAVE, C.J., OPALA, V.C.J., and HODGES, LAVENDER and SUMMERS, JJ., concur.

KAUGER, J., concurs in result.

DOOLIN and ALMA WILSON, JJ., dissent.