Paul CORBETT, Petitioner,

v.

EXPRESS PERSONNEL, National Union Fire Insurance Company, and the Workers' Compensation Court, Respondents.

No. 86892.

Supreme Court of Oklahoma.

April 8, 1997.

Fred L. Boettcher, Walt Brune, Boettcher Law Offices, Inc., Ponca City, for Petitioner.

John A. McCaleb, John B. Vera, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for Respondent.

OPALA, Justice.

We are asked to decide whether a claimant who is leaving the workplace on *a personal errand* may recover compensation for injuries, sustained in the employer's parking lot, which were *not occasioned* by any employer-created hazards. We answer in the negative.

Paul Corbett ( Corbett or claimant ) sought compensation after driving his motorcycle into a fence surrounding his work station's parking lot. At the time of the accident he was on the way to his bank. The trial court and the three-judge review panel denied Corbett's claim as not arising out of his employment. The Court of Civil Appeals vacated the order. According to the appellate court, claimant was "injured when engaged in an activity arising out of the course of his employment—that of egressing the employer's parking lot" and his "motivation"—to run a personal errand during the injury-producing activity—should not be viewed as defeating the claim.

We hold that claimant's injuries arose out of his *personal mission* because the causative risks he encountered on his harm-dealing errand to the bank can be regarded *neither* as job-related *nor* as hazards created by the employer.

1. " 'Injury' or 'personal injury' means only accidental injuries *arising out of and in the course of*

## THE ANATOMY OF LITIGATION

Corbett had been employed by Express Personnel ( employer ) for nine or ten months as an assembler. On May 16, 1995 he left his assigned station at an employer-designated locale, started his motorcycle, and was attempting to pull out of the parking lot when he lost control of the vehicle and hit a fence upon the premises. According to his testimony, his departure occurred "just before lunch started." His *undisputed purpose* for the trip was to do personal business with his bank.

Claimant, who had injured both knees in the crash, received medical treatment. He pressed a claim for disability to his right knee, temporary and permanent. His employer responded by denying the accident arose out of and in the course of his employment. The trial judge agreed and the three-judge panel affirmed the order denying compensation. The appellate court vacated that order, concluding Corbett's exit from the parking lot during his lunch break was "causally connected to the duties of his employment" and his intended purpose for leaving was "irrelevant." On certiorari sought by Express Personnel, the employer urges the injuries for which compensation is sought are not connected with claimant's employment and the causative risks leading to his harm can be regarded *neither* as job-related *nor* as created by the employer.

I.

**THE RISK OF HARM THAT ATTENDED CLAIMANT'S TRIP TO THE BANK IS SOLELY AND PURELY PERSONAL; COMPENSABLE INJURY MUST ARISE OUT OF AND HENCE BE CAUSALLY CONNECTED TO THE HAZARDS OF ONE'S EMPLOYMENT**

■■■ A compensation claimant must satisfy a two-pronged statutory test [1] by evidentiary showing that the bodily injuries for which benefits are sought 1) occurred "in the

*employment ...*" (Emphasis added) 85 O.S. Supp.1996 § 3(7)a.

course of" the employment[2] and 2) "arose out of" the employment.[3] These two requirements are separate and distinct. They must both be established before recovery may be allowed.[4] Not all injuries that occur on the job are compensable. This is so because a *connection* must be shown between the encountered causative *risk* that resulted in the worker's harm and the *conditions of his/her employment.*[5] Risks purely personal—namely those which are not reasonably connected with the claimant's employment—are not compensable.[6]

■ When they occur on premises owned or controlled by the employer, injuries sustained by an employee *while going to or from work* may be compensable in certain circumstances if (a) the claimant's employment is shown to have a connection to the causative risk encountered,[7] or (b) the precipitating risk of harm was created ( or maintained ) by the employer.[8] Corbett's injury occurred on a parking lot provided by the employer for claimant's use, a circumstance which requires an evaluation of whether claimant's presence there satisfies the necessary components of an employment-related purpose.[9]

Corbett left the workplace *shortly before* his lunch break began in order to conduct personal business with his bank. Claimant's exit from the premises was not within his employer's established break time for lunch nor was his departure on assignment for company business. His mission was *purely personal.* It cannot be attributed to his employment.[10] Claimant's presence in the parking lot provided for employees does not *ipso facto* make his injury compensable. The causative risk of harm must be shown to have been causally connected to the employment.[11]

Even if the "in the course of employment" element were to be deemed satisfied by a

---

2.  The term "in the course of employment" relates to the time, place or circumstances under which the injury is sustained. *Thomas v. Keith Hensel Optical Labs,* Okl., 653 P.2d 201, 203 (1982); *R.J. Allison v. Boling,* 192 Okl., 213, 134 P.2d 980, 982 (1943).

3.  The term "arise out of employment" contemplates the causal connection between the injury and the risks incident to employment. *Hensel, supra,* note 2 at 202; *Richey v. Commander Mills, Inc.,* Okl., 521 P.2d 805, 808 (1974); *Graham v. Graham,* Okl., 390 P.2d 892, 893 (1964); *Stanolind Pipe Line Co. v. Davis,* 173 Okl. 190, 47 P.2d 163, 164 (1935).

4.  *American Management Systems v. Burns,* Okl., 903 P.2d 288, 290 (1995).

5.  The pertinent terms of 85 O.S.1991 § 3(7) make compensable "... only accidental injuries arising out of and in the course of employment.... *Provided, only injuries having as their source a risk not purely personal but one that is reasonably connected with the conditions of employment shall be deemed to arise out of the employment."* [Emphasis added.] The italicized language, added in 1986, came to be inserted as an obvious response to this court's then-recent holding in *Fox v. National Carrier,* Okl., 709 P.2d 1050 (1985). Before 1986, claimants were aided in the probative process by the provisions of 85 O.S.1981 § 27, which operated to place on the employer the evidentiary burden to pierce the presumption of compensability. Section 27 was repealed in 1986. As noted in *American Management Systems, Inc. v. Burns,* Okl., *supra,* note 4 at 290, the *onus* of producing evidence and of persuading the trier *now rests entirely upon the* claimant. *See also White v. Milk Producers, Inc.,* Okl., 496 P.2d 1172, 1174 (1972); *Belscot Family Center v. Sapcut,* Okl., 509 P.2d 905, 907 (1973).

6.  For the pertinent terms of 85 O.S.1991 § 3(7), see note 5, *supra.*

7.  *See Morris v. City of Oklahoma City,* Okl., 606 P.2d 1129, 1130 (1979); *Max E. Landry, Inc. v. Treadway,* Okl., 421 P.2d 829, 831 (1966); *Nelson Electric Mfg. Co. v. Shatwell,* 203 Okl. 417, 222 P.2d 750, 751 (1950).When the employee's presence in the workplace parking lot is *unquestionably employment-related,* there is no need for the court further to inquire into the "arising out of" prong as a separate issue.

8.  *See Fudge v. University of Oklahoma,* Okl., 673 P.2d 149 (1983), where it was held that when an employee must of necessity cross a busy public street in order to reach her car in the employer-provided parking lot, traffic on that street constitutes an employer-created hazard, and injury suffered while crossing it—when going to or coming from lunch—is deemed to arise out of and in the course of employment.

9.  *See Thomas v. Keith Hensel Optical Labs, supra,* note 2 at 202; *E.I. Du Pont De Nemours & Co. v. Redding,* 194 Okl. 52, 147 P.2d 166, 168 (1944).

10.  *See Thomas v. Keith Hensel Optical Labs, supra,* note 2 at 202; *Ogg v. Bill White Chevrolet Company,* Okl., 720 P.2d 324, 325 (1986).

11.  *See* note 10, *supra.*

worker's mere presence on the employer's premises when the accident occurred, Corbett's act of exiting from the parking lot on his personal errand was not one that "arose out of" his employment duties.[12] Nor may the parking lot's surrounding fence be viewed as an employer-created hazard exceeding the ordinary dangers to which the general public would be exposed.[13]

Whether an injury does arise out of and in the course of a worker's employment is ordinarily a question of fact.[14] By force of statute, findings of nonjurisdictional facts in compensation cases are conclusive and binding on appellate courts, if rested on competent evidence.[15] Unless declared to lack that kind of probative support, a trial tribunal's resolution of facts may not be disturbed on review.[16] We hence hold that there is competent evidence to make the three-judge review panel's critical finding impervious to vacation. Claimant's on-the-premises injury was in furtherance of a *personal* mission and hence outside the statutory boundaries of compensability.[17]

### SUMMARY

Accidental harm stemming from risks *purely personal* and unconnected to employment *is not compensable.*[18] Corbett did not satisfy the law's requirement by showing his injury to have arisen out of employment.[19] The causative risk claimant encountered demonstrates no connection to his work

duties.[20] There is ample support in competent evidence for the trial tribunal's finding that claimant's injury did not result from exposure to a risk incident to his employment.[21]

**ON CERTIORARI SOUGHT BY EXPRESS PERSONNEL'S PETITION, THE COURT OF CIVIL APPEALS' OPINION IS VACATED AND THE ORDER OF THE THREE–JUDGE REVIEW PANEL REINSTATED.**

KAUGER, C.J., SUMMERS, V.C.J., and LAVENDER, SIMMS, HARGRAVE, ALMA WILSON and WATT, JJ., concur.

**12.** See note 10, *supra.*

**13.** See *American Management Systems v. Burns, supra,* note 4 at 291.

**14.** *Breckenridge v. Bray Lines,* Okl., 782 P.2d 909, 910 (1989); *Parks v. Norman Municipal Hospital,* Okl., 684 P.2d 548, 551 (1984); *Pearl v. Associated Milk Producers,* Okl., 581 P.2d 894, 897 (1978); *Bittman v. Boardman Co.,* Okl., 560 P.2d 967, 968 (1977).

**15.** The terms of 85 O.S.1991 § 26 provide in pertinent part: " * * * The decision of the Court [Workers' Compensation Court] *shall be final as to all questions of fact.* ..." (Emphasis added). See also *Breckenridge v. Bray Lines, supra,* note 14 at 910; *Parks v. Norman Municipal Hospital, supra,* note 14 at 551; *Pearl v. Associated Milk Producers, supra,* note 14 at 897; *Bittman v. Boardman Co., supra* note 14 at 968; *Morris v. City of Oklahoma City,* Okl., 606 P.2d 1129, 1130 (1979); *Merrill v. State Industrial Commission,* Okl., 290 P.2d 1095, 1098 (1955); *Howland v.*

*Douglas Aircraft Co., Inc.,* Okl., 438 P.2d 5, 6 (1968).

**16.** See note 15, *supra.*

**17.** See note 5, *supra.*

**18.** For the pertinent terms of 85 O.S. § 3(7), *see* note 5, *supra.*

**19.** *Thomas v. Keith Hensel Labs, supra,* note 2 at 203; *R.J. Allison v. Boling, supra,* note 2, 134 P.2d at 982.

**20.** *Thomas v. Keith Hensel Optical Labs, supra,* note 2 at 202; *Ogg v. Bill White Chevrolet Company, supra,* note 10 at 325.

**21.** *Breckenridge v. Bray Lines, supra,* note 14 at 910; *Parks v. Norman Municipal Hospital, supra,* note 14 at 551; *Pearl v. Associated Milk Producers, supra,* note 14 at 897; *Bittman v. Boardman, supra,* note 14 at 968.