**Gwendolyn Yvonne BRAZEAL,
Petitioner,**

v.

**CITGO PETROLEUM CORPORATION, Citgo Insurance Company and Workers' Compensation Court, Respondents.**

No. 89030.

Court of Civil Appeals of Oklahoma, Division No. 4.

Aug. 19, 1997.

John L. Harlan, John L. Harlan & Associates, P.C., Sapulpa, for Petitioner.

Larry G. Taylor, Kristin Blue Fisher, Feldman, Franden, Woodard, Tulsa, for Respondents.

REIF, Judge.

The trial court ruled that Claimant's injury in a walkway between her workplace parking space and her workplace office did *not* arise out of and in the course of employment. The court reached this conclusion despite Claimant's uncontroverted testimony that she paid for the parking through payroll deduction, the parking garage was set aside for company employees, and she was on her way to work at the time. Citing *American Management Systems, Inc. v. Burns*, 1995 OK 58, 903 P.2d 288, the trial court ruled that Claimant's injury "cannot be said to be causally connected to employment" because "the risk responsible for claimant's injury was one shared by the general public at large." The three-judge panel held that this ruling was not against the clear weight of the evidence nor contrary to law, and affirmed the denial of benefits for this injury. For the reasons that follow, we reverse.

Shortly after the review by the three-judge panel, the supreme court decided *Corbett v. Express Personnel*, 936 P.2d 932 (Okla.1997). This case attempted to clarify the application of the *Burns* case to injuries sustained by employees in employer-provided parking lots. *Corbett* held that the claimant's injury in that case resulted from a purely personal risk because he was *leaving* the lot on a personal errand when he was injured. However, *Corbett* makes it equally clear that: "When they occur on premises owned or controlled by the employer, injuries

sustained by an employee *while going to or from work* may be compensable ... if ... the claimant's employment is shown to have a connection to the causative risk encountered." *Id.* at 934 n. 7. In *Corbett's* footnote 7, the court cites three cases in support of this rule and states: "When the employee's presence in the workplace parking lot is *unquestionably employment-related*, there is no need for the court to further inquire into the 'arising out of' prong as a separate issue." *Id.*

One of the cases cited in *Corbett's* footnote 7 is *Max E. Landry, Inc. v. Treadway*, 421 P.2d 829 (Okla.1966). In this case the "respondent's business was conducted in a building where ... the owner of the building provided a parking lot for the use and benefit of the employees ... [and] claimant, on the morning of the accident ... arrived at the building at her usual time for work and that after getting out of her car, and *while on the parking lot premises*, but just before entering the building for her usual work day she slipped and fell, causing the involved injury." *Id.* at 830. The court unequivocally held that: (1) if an employer acquiesces in the employees' use of a parking lot at the building where employer's business is located, the parking lot constitutes "premises of the employer" for purposes of workers' compensation; and (2) "when an employee is injured on *his way to work* and while on the *employer's premises* the injury suffered *does arise out of and in the course of his employment.*" *Id.* at 831 (emphasis added).

The interpretation and application of *Burns* by the trial court and three-judge panel herein was perfectly reasonable in the absence of the clarifying pronouncements that were subsequently provided in *Corbett.* In view of *Corbett,* however, and the undisputed material facts, we hold that the conclusion of the workers' compensation court that Claimant's injury did not arise out of and in the course of her employment is erroneous as a matter of law.[1] Accordingly, the denial of

---

1. Where there is no conflict in the evidence, the question of whether an injury arises out of and in the course of employment is a question of law.

*Liebmann Arctic Ice Co. v. Henderson,* 486 P.2d 739 (Okla.1971); *Potts v. B & B Tool, Inc.,* 1996 OK CIV APP 77, 920 P.2d 1079.

benefits, as affirmed en banc, is vacated and this cause is returned to the workers' compensation court with directions to enter an award of benefits.

VACATED AND REMANDED WITH INSTRUCTIONS.

TAYLOR, V.C.J., and GOODMAN, P.J., concur.