1998 OK CIV APP 190

**Perry JACKSON, Petitioner,**

v.

**FARLEY FOODS, Safety National Casualty Company, and Workers' Compensation Court, Respondents.**

**No. 90734.**

Court of Civil Appeals of Oklahoma, Division No. 4.

June 30, 1998.

Rehearing Denied Sept. 8, 1998.

Certiorari Denied Dec. 2, 1998.

---

**2.** Likewise, this court in *McCarter v. Rainbow Baking Co.*, 1998 OK CIV APP 78, 964 P.2d 918 *cert. denied* (June 3, 1998), addressed the same

issue presented herein and concluded that the *Stice* court had correctly interpreted the statutory language of section 22(3)(b).

J. Mike Lawter, Oklahoma City, for Petitioner.

John A. McCaleb, John B. Vera, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for Respondents.

REIF, Judge.

¶ 1 Claimant seeks review of the three-judge panel's order that affirmed the denial of his claim. The three-judge panel upheld the trial court's determinations that (1) Claimant "made a complete recovery" from a job-related injury to his back on May 19, 1997, and (2) "any injury sustained by claimant on May 29, 1997, while running to his car in the parking lot did not arise out of and in the course of his employment." Employer and Insurance Carrier contend that these determinations should not be disturbed on review, because competent evidence supports the resolution of such factual issues against Claimant. Insofar as the injury of May 19, 1997, is concerned, we agree with Employer and Insurance Carrier. However, we hold that the trial court and three-judge panel erred as a matter of law in concluding that injury of May 29, 1997, did not arise out of and in the course of employment.

¶ 2 The material facts surrounding Claimant's injury in Employer's parking lot are undisputed and, therefore, it is a question of law whether Claimant's injury arose out of and in the course of employment. *Brazeal v. CITGO Petroleum Corp.*, 1997 OK CIV APP 61, 946 P.2d 680, 681. The most recent case to consider whether an injury sustained in an employer's parking lot as the employee is leaving work is *Corbett v. Express Personnel*, 1997 OK 40, 936 P.2d 932. In *Corbett*, the supreme court upheld the determination of the workers' compensation court that the injury therein did not arise out of and in the course of employment because: "Corbett left the workplace *shortly before* his lunch break began in order to conduct personal business [and his] exit from the premises was not within his employer's established break time ... nor was his departure on assignment for company business." *Id.* at ¶ 9, 936 P.2d at 934. Unlike Mr. Corbett, the Claimant herein was leaving work at the end of his regular work time.

¶ 3 The *Corbett* court cited *E.I. DuPont De Nemours & Co. v. Redding*, 194 Okla. 52, 147 P.2d 166 (Okla.1944), in evaluating "whether claimant's presence [in the parking lot provided by employer] satisfies the necessary components of an employment-related purpose." *Corbett*, at ¶ 8, 936 P.2d at 934. The syllabus in *Redding* states, in pertinent part:

[W]here an employee, immediately after having completed his day's work for employer, goes upon a parking lot adjacent to place of employment, controlled and operated by the employer for the mutual benefit of employer and employee, and while proceeding to automobile parked thereon to go home, fell and sustained injury, such accident occurring to the employee arose out of and in the course of employment and falls within the purview of the Workmen's Compensation Act.

*Redding* cites approvingly a rule by the United States Supreme Court that: "The employ-

ment contemplated [the employee's] entry upon and departure from the premises as much as it contemplated his working there, and must include a reasonable interval of time for that purpose." *Redding,* 147 P.2d at 168 (citation omitted).

¶ 4 The order of the three-judge panel that affirmed the trial court's order is SUSTAINED as to the denial of the claim for the injury on May 19, 1997, but is VACATED concerning the ruling that "any injury" on May 29, 1997, in Employer's parking lot did not arise out of and in the course of employment. This case is remanded to the workers' compensation court to determine whether Claimant sustained a compensable injury on May 29, 1997.

¶ 5 SUSTAINED IN PART, VACATED IN PART, AND REMANDED.

STUBBLEFIELD, P.J., and RAPP, J., concur.