1998 OK CIV APP 180

**Joe John HAMILTON, Petitioner,**

v.

**DUB RICHARDSON FORD, Oklahoma Automobile Dealers Association, And Workers' Compensation Court, Respondents**

**No. 91,616.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Nov. 10, 1998.

Doug Aldridge, Oklahoma City, Oklahoma, for Petitioner.

Margeret E. Dunn, Oklahoma City, Oklahoma, for Respondents.

REIF, J.

¶ 1  Claimant seeks review of the three-judge panel's order that vacated the trial court's award of benefits.  The three-judge panel ruled that the broken hip which Claimant sustained at work did not arise out of and in the course of his employment. The three-judge panel based this conclusion on a finding that Claimant had "deviated from employment and was on a personal mission (for lunch) at the time of his accidental injury."  Upon review, we hold that the determinations of the three-judge panel are unsupported by competent evidence and are erroneous as a matter of law.

¶ 2  There was no controversy that Claimant fell in the break room provided by employer.  Claimant testified that he was in the break room to clock out for his regularly scheduled lunch hour.  It is undisputed that employees are required to clock out while taking their lunch hour.  It is also undisputed that Claimant planned to eat his lunch in the break room.  When Claimant arrived at the break room, he first set his lunch box and jug of KoolAid on a table before clocking out. He fell as he was going back to the time clock which is just inside the door of the break room.  To hold that Claimant stepped outside of the required employment task to clock out for a lunch break simply because he first emptied his hands of his lunch box and beverage container was a misapplication of the doctrines of "substantial deviation" and "personal mission."  Oklahoma has long recognized that an employee is covered for reasonable intervals during arrival and departure in accordance with work schedules or work requirements.  *E.I. DuPont De Nemours & Co. v. Redding*, 194 Okla. 52, 147 P.2d 166, 168 (1944).

¶ 3  The most recent case concerning an employee's departure from work for lunch is *Corbett v. Express Personnel*, 1997 OK 40, ¶ 9, 936 P.2d 932, 934.  In *Corbett*, the supreme court upheld the determination of the workers' compensation court that the injury did not arise out of and in the course of employment.  The supreme court based its decision on the fact that "Corbett left the workplace *shortly before* his lunch break began in order to conduct personal business

with his bank [and this] exit from the premises was not within his employer's established break time for lunch." Unlike *Corbett,* Claimant was in the process of performing the required employment task of clocking out for lunch at the time of his injury. The risk causing injury herein clearly arose out of and in the course of Claimant's employment. "[O]nce it is determined that the employee is doing the employer's work ... it does not avail the employer to say the risks of injury to the employee are no greater than the risks to the general public." *Stroud Municipal Hospital v. Mooney,* 1996 OK 127, ¶ 11, 933 P.2d 872, 875.

¶ 4 We vacate the order of the three-judge panel and remand with directions to reinstate the trial court's order and award.

¶ 5 VACATED AND REMANDED WITH DIRECTIONS.

STUBBLEFIELD, P.J., and RAPP, J., concur.