2000 OK CIV APP 8

**Herschel H. OLDHAM, Petitioner,**

v.

**OK IRON & METAL, Old Republic Insurance, and the Workers' Compensation Court, Respondents.**

**No. 92,123.**

Court of Civil Appeals of Oklahoma, Division No. 4.

April 20, 1999.

Certiorari Denied Oct. 18, 1999.

---

Karen J. Leonard, Don L. Wyatt, Wyatt, Austin & Associates Ada, Oklahoma, For Petitioner.

W. Jeffrey Dasovich, Oklahoma City, Oklahoma, For Respondents.

## MEMORANDUM OPINION

RAPP, J.

¶1 Herschel Oldham ("Claimant") appeals the order of the Three–Judge Panel that reversed the trial court order and held in favor of OK Iron & Metal and its insurer ("Respondent") by finding that Claimant's injury did not arise out of or in the course of employment.

### I. *Background*

¶2 Claimant worked with heavy equipment. He suffered a work-related neck injury in 1991, but declined surgery until April of 1995.[1] During the period between that injury and the surgery, Claimant experienced episodes when he would fall due to numbness in his legs. After a medical release, Claimant returned to work in June of 1995 and, according to his testimony, had no further numbness or leg problems.

¶3 On August 2, 1995, while at work, Claimant was required by his Respondent to operate a heavy crane. He operated the crane for several hours. A relief operator arrived and Claimant climbed down from the crane cab. He rested against the crane's track and then either turned and fell or took a few steps and fell when he became "numb

---

1. This injury was adjudicated by joint petition.

all over." It was not contested that the fall occurred at work. It was also undisputed that Claimant's left shoulder was injured in the fall and that this injury was a new injury.

¶4 Claimant's medical evidence supported his claim of job-related injury. Respondent's initial medical report found injury and need for treatment but did not ascribe a cause. The Respondent's supplemental medical report stated that the fall was the "consequence of his 1991 neck injury and that his work at OK Iron and Metal did not aggravate, exacerbate, precipitate or accelerate his original injury back in 1991, and that his current condition is unrelated to his work at OK Iron and Metal." This conclusion was given after the doctor had "reviewed the depositions of the claimant on December 12, 1997, and also reviewed a deposition of Dr. Kristi Self (Claimant's physician) done on December 17, 1997." All medical evidence was admitted without an objection on competence grounds.

¶5 In his deposition, Claimant testified that, based upon medical advice, he related his episodes of falling to his neck injury. He also testified that his left side worsened after the surgery. In his deposition he was unsure whether he had fallen after the surgery.

¶6 Dr. Self's history reflected that the Claimant's falls had occurred prior to surgery. Dr. Self further testified that the Claimant's history of what happened is determinative of what caused his August injury to the shoulder. Thus, according to this physician, if Claimant slipped after alighting from the crane a new injury occurred. If Claimant experienced numbness and lost feeling and then fell the fall was related to the old injury.

¶7 Claimant's medical evaluation of the job-related injury was provided by a different physician. This evaluation recites a history showing that Claimant slipped prior to his fall and, as a consequence of slipping, he experienced pain in his neck, shoulders, and arms.

¶8 Respondent's defense was that the injury did not arise out of or in the course of employment. Specifically, Respondent maintained that the risk which produced the injury, that is the prior neck injury, was not a risk incident to the employment. Thus, Respondent maintained that Claimant's neck injury caused the fall rather than an event associated with his work. The trial court disagreed and awarded compensation based upon a finding that the shoulder injury was not a consequential injury from the neck injury but rather a new injury. The trial court also rejected the Respondent's assertion that Claimant suffered injury as a result of an idiopathic fall. The Three–Judge Panel reversed ruling the trial court erred as a matter of law and that the decision was contrary to the evidence and, thus, that Claimant did not sustain an accidental injury arising out of or in the course of employment. Claimant appeals.

## II. Standard of Review

¶9 On review, the trial court's findings of fact are binding and conclusive unless they are not supported by competent evidence. *Parks v. Norman Municipal Hospital*, 1984 OK 53, ¶12, 684 P.2d 548, 552.

¶10 It is only when factual findings lack the support of any competent evidence that the trial court's decision may be determined to be erroneous as a matter of law. *Darco Transportation v. Dulen*, 1996 OK 50, 922 P.2d 591. The trial court is the one to determine the credibility of the witnesses. *Bittman v. Boardman Co.*, 1977 OK 32, 560 P.2d 967.

## III. Analysis and Review

¶11 Whether an injury occurs in the course of and arises out of employment are questions of fact to be determined by the trial court in conjunction with the correct application of the legal principles involved. *City of Edmond v. Monday*, 1995 OK 132, ¶4, 910 P.2d 980, 983; *American Management Systems, Inc. v. Burns*, 1995 OK 58, ¶6, 903 P.2d 288, 291. However, both criteria must be established. *Darco Transportation v. Dulen*, 1996 OK 50, 922 P.2d 591. The criteria are not synonymous. *American Management Systems, Inc. v. Burns*, 1995 OK 58, 903 P.2d 288.

■ ¶ 12 "In the course of employment" relates to the time, place or circumstances under which the injury is sustained. *Corbett v. Express Personnel,* 1997 OK 40, 936 P.2d 932. It is here undisputed that Claimant's shoulder injury occurred "in the course of employment."

■ ¶ 13 The requirement that the injury "arise out of employment" is generally seeking the origin of the injury and pertains to the causal relationship between the injury and the risks incident to employment. *Corbett v. Express Personnel,* 1997 OK 40, 936 P.2d 932; *Stroud Municipal Hospital v. Mooney,* 1996 OK 127, 933 P.2d 872; *Darco Transportation v. Dulen,* 1996 OK 50, ¶ 9, 922 P.2d 591, 594. In *Lanman v. Oklahoma County Sheriff's Office,* 1998 OK 37, ¶ 9, 958 P.2d 795, 799, the Court explained the test as follows:

> The *arising-out-of* prong contemplates a causal relationship between the act engaged in at the time injury occurs and the requirements of employment. *It calls for an assessment of the interplay of risks to determine if the injury for which compensation is sought has the requisite connection to the job.* Oklahoma jurisprudence recognizes three categories of risk associated with injuries claimed to be compensable: (1) those so uniquely associated with employment that they may be regarded as distinctly *employment related;* (2) those *purely personal* to the worker; and (3) those that are *neutral.* An intermixture of employment-related hazards with those that are strangers to the work milieu might be regarded as a fourth category.

■ ¶ 14 The facts of the cases involving those specifically enumerated categories have not involved a situation in which the claimant's new injury is the direct and natural result of a claimant's compensable primary, or first injury, thereby making this a matter of first impression. Here, taking Respondent's evidence to be controlling, the Claimant's shoulder injury was the direct and natural result of his previous work-related neck injury. It is not disputed that this neck injury was a compensable, work-related injury.

¶ 15 Clearly, Claimant's case does not fit within the above enumerated categories. Nevertheless, to establish compensability it becomes necessary to establish a causal relationship to the employment. Therefore, the case "calls for an assessment of the interplay of risks to determine if the injury for which compensation is sought has the requisite connection to the job." *Id.* The applicable rule when an employee, who has a prior work-related injury, suffers a new work-related injury in the course of employment, is set forth in 1 Larson's Workman's Compensation Law § 13.11 at 3–600:

> The basic rule is that a subsequent injury, whether an aggravation of the original injury *or a new and distinct injury,* is compensable if it is the direct and natural result of a compensable primary injury.

¶ 16 Thus, the assessment must necessarily include acknowledgment that the initial injury is in fact connected to the job and that the employee is a previously injured person. Furthermore, as here, the employee returned to work with the same employer as a person with an additional risk factor which must be included in the assessment. That risk factor is, of course, the previous work-related injury.

■ ¶ 17 Therefore, this Court holds that when an employee is injured in the course of employment and such injury is the direct and natural consequence of a prior work-related injury, then the new and distinct subsequent injury likewise arises from employment absent some intervening cause. 1 Larson's Workman's Compensation Law § 13.00; *see Halliburton Services v. Alexander,* 1976 OK 16, 547 P.2d 958. In this manner the assessment of the interplay of risks includes assessment of the risk associated with the fact of a prior work-related injury.

¶ 18 Here, the issue of the causal relationship between Claimant's new injury and the risks of employment was decided by the Three–Judge Panel on the premise that an existing, adjudicated work-related injury could not become a factor in the determination of whether Claimant was at risk in his employment. The Respondent's medical evidence was that the preexisting neck injury

caused Claimant to fall. To the extent that Respondent's medical evidence went beyond such finding and made the ultimate conclusion that the injury did not arise out of employment, the medical report is not competent evidence but rather then became an unauthorized conclusion of law and a usurpation of the function of the trier of fact. Moreover, such conclusion under the holding of this case, is contrary to law.

¶ 19 The evidence before the Three–Judge Panel demonstrated either that Claimant experienced a work-related new injury unconnected to his prior, work-related injury or that his prior, work-related injury caused the new injury. In either case, the sole and unescapable conclusion that must be drawn is that the new injury is compensable.

¶ 20 The decision of the Three–Judge Panel of the Workers' Compensation Court is not supported by competent evidence and for the reasons set forth herein is contrary to law and is, therefore, REVERSED. This matter is reversed and remanded with instructions to affirm the decision of the trial court.

¶ 21 REVERSED AND REMANDED WITH INSTRUCTIONS TO AFFIRM THE DECISION OF THE TRIAL COURT.

REIF, J. (sitting by designation), concurs, and GOODMAN, P.J., dissents.

GOODMAN, P.J., dissenting

¶ 1 The trial court held that the claimant's 1995 injury *"is not a consequential injury* to the March 1991 neck injury...." (Emphasis added.) The three-judge panel reversed that finding and denied the claim. The majority would vacate the three-judge panel's order with directions to affirm the decision of the trial court. However, the basis for the majority's holding—that the 1995 injury "is the *direct and natural consequence of a prior work related injury,"*—is legally inconsistent with the stated findings of the trial court and thus cannot serve as a basis for reinstating the order of the trial court. (Emphasis added.)

¶ 2 In my opinion, the significance of whether or not the claimant's 1995 injury is a consequential injury pertains to legal liability. The claimant settled his claim for the 1991 injury by joint petition settlement. If the 1995 injury was a consequence of the 1991 injury—which the majority holds it is— the employer may be relieved of legal liability for the injury. The three-judge panel apparently believed the 1995 injury was consequential to the 1991 injury, and denied the claim. I believe competent evidence supports that conclusion.