2014 OK 30

**GRAHAM PUBLIC SCHOOLS and CompSource Oklahoma,
Petitioners,**

v.

**Dena PRIDDY and the Workers'
Compensation Court,
Respondents.**

No. 111038.

Supreme Court of Oklahoma.

April 22, 2014.

Patrick Parr, Brandy L. Shores, Latham, Wagner, Steele & Lehman, P.C., Tulsa, Oklahoma, for Petitioners.

Gregory G. Meier, Angeline S. Morris, Meier & Associates, Tulsa, Oklahoma, for Respondents.

REIF, V.C.J.:

¶1 The dispositive question in this case is whether Claimant's injury while leaving work in response to a family medical emergency arose out of her employment. The Workers' Compensation Court answered this question in the affirmative. In a review proceeding brought by Employer, the Court of Civil Appeals disagreed, ruling claimant was on a personal mission at the time of her injury and, therefore, the injury did not arise out of her employment. Upon certiorari review sought by Claimant, we note that an employee's purpose in leaving work is relevant, but not dispositive, in deciding whether going and coming injuries arise out of employment. The test for such injuries is set forth in *Corbett v. Express Personnel,* 1997 OK 40, ¶8, 936 P.2d 932, 934. The material undisputed facts in the case at hand establish as a matter of law that claimant's injury was compensable under the second factor in the *Corbett* test.

¶2 In *Corbett,* this Court said: "When they occur on premises owned or controlled by the employer, injuries sustained by an employee *while going to or from work* may be compensable in certain circumstances if (a) the claimant's employment is shown to have a connection to the causative risk encountered, or (b) the precipitating risk of harm was created (or maintained) by the employer." *Id.* (footnotes omitted). In the case at hand, it is undisputed that "the precipitating risk of harm" was a rug Employer placed outside the door that employees, such as Claimant, used to exit Employer's school building. Claimant's undisputed testimony established that "the rug slipped out from under [her]" and "scooted" in her first effort to get up. Claimant related that she was unable to get up until she crawled off the rug to the solid sidewalk.

¶3 We are mindful that the *Corbett* case disallowed workers' compensation benefits to an injured employee who left work early on a personal mission. However, the employee in *Corbett* was injured "when he lost control of [his motorcycle] and hit a fence upon the premises." ¶4, 936 P.2d at 933. Other than permit the employee to depart early, the employer in *Corbett* did nothing to create the

risk or to contribute to the injury sustained by the departing employee. As the *Corbett* opinion explained: "[C]laimant's injuries arose out of his *personal mission* because the causative risks he encountered on his harm-dealing errand ... can be regarded *neither* as job-related *nor* as hazards created by the employer." ¶3, 936 P.2d at 933 (emphasis in original). In contrast, Employer in the case at hand placed the rug outside the door in question.

¶4 Although not raised by the parties nor addressed by the Court of Civil Appeals, we note that Claimant's injury, occurring on February 25, 2011, was governed by the statutory definition of employment set forth in 85 O.S.Supp 2010, § 11(A)(5). This statute provides, in pertinent part, that "Employment shall be deemed to commence when an employee arrives at the employee's place of employment to report for work and shall terminate when the employee leaves the employee's place of employment." This statutory definition contains only two exclusions: (1) injuries in areas not under the control of the employer, and (2) injuries in areas where essential job functions are not performed.

¶5 Neither of these exclusions apply to the case at hand, because (1) the door through which Claimant exited the school building was under the control of Employer school, and (2) entering and leaving the building where she worked through a door provided and maintained by Employer for that purpose was essential to Claimant's job function. Not only are these exclusions inapplicable to the case at hand, they do not manifest any intent to abrogate coverage under *Corbett* for a going or coming injury where the precipitating risk of harm was created or maintained by the employer.

¶6 In the case of *Intermedix Corp. v. Wolf,* 2013 OK CIV APP 82, 313 P.3d 287, the Court of Civil Appeals did apply section 11(A)(5) to preclude coverage for an employee (1) who was injured while leaving work and (2) who had not left the building where her employer's office was located. However, the dispositive fact in that case was that the stairway upon which she fell was owned and maintained by the landlord of the building where employer rented space, and was **not**

owned or maintained by the employer. In other words, the employment of the injured employee in the *Wolf* case ended when she entered the common stairway. In contrast, Claimant in the case at hand was still within the statutory definition of employment and protected by the rule in *Corbett* as she passed through the doorway.

¶ 7 The record in the case at hand consists largely of Claimant's undisputed testimony. Employer school did not deny that it placed the rug outside the door in question, contest Claimant's right to use the door to leave the building in which she worked or attempt to show that the rug was not slippery as Claimant described.

¶ 8 Where there is no conflict in the evidence and no opposite inferences to be drawn from undisputed proof, the question of whether an injury arises out of and in the course of employment is one of law. *Lanman v. Oklahoma County Sheriff's Office*, 1998 OK 37, ¶ 6, 958 P.2d 795, 798. Questions of law are reviewed by a de novo standard under which this Court has plenary, non-deferential and independent authority to determine whether lower courts have erred in their legal rulings. *Patterson v. Sue Estell Trucking Co.*, 2004 OK 66, ¶ 5, 95 P.3d 1087, 1088.

¶ 9 Upon de novo review of the undisputed evidence in the case at hand, we hold that employer's rug, which slipped out from under Claimant and caused her to fall was a precipitating risk of harm created by employer. As such, the injury that Claimant sustained as a consequence arose out of Claimant's employment as defined by 85 O.S.2010, § 11(A)(5) and under the second factor in the *Corbett* test, notwithstanding the personal mission that prompted Claimant to depart work early. The opinion of the Court of Civil Appeals, ruling that Claimant's injury did not arise out of her employment, was in error and is vacated. Because the Workers' Compensation Court correctly determined that Claimant's injury did arise out of her employment, the award of benefits ordered by that court is reinstated.

**CERTIORARI PREVIOUSLY GRANTED, COURT OF CIVIL APPEALS OPIN-ION VACATED AND AWARD OF BENEFITS REINSTATED.**

¶ 10 COLBERT, C.J., REIF, V.C.J., WATT, EDMONDSON, COMBS and GURICH, JJ., concur.

¶ 11 KAUGER, WINCHESTER, and TAYLOR, JJ., dissent.