OSCN Found Document:EWY v. SOUTHWEST CUPID

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 EWY v. SOUTHWEST CUPID
2015 OK CIV APP 37
348 P.3d 716
Case Number: 112999
Decided: 03/20/2015
Mandate Issued: 04/15/2015
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2015 OK CIV APP 37, 348 P.3d 716

 

MARY EWY, Petitioner,
v.
SOUTHWEST CUPID, GUARANTEE 
INSURANCE CO., and THE WORKERS' COMPENSATION COURT, Respondents.

PROCEEDING TO REVIEW AN ORDER OF A THREE-JUDGE PANEL OF
THE 
WORKERS' COMPENSATION COURT OF EXISTING CLAIMS
HONORABLE MICHAEL W. MCGIVERN, TRIAL JUDGE

VACATED AND REMANDED FOR FURTHER 
PROCEEDINGS

Stacey Lobaugh, Ponca City, Oklahoma, for Petitioner
Patrick S. Parr, 
MCANANY, VAN CLEAVE & PHILLIPS, P.A., Tulsa, Oklahoma, for 
Respondents


DEBORAH B. BARNES, JUDGE:
¶1 Petitioner Mary Ewy (Claimant) seeks review of an Order of a three-judge 
panel of the Workers' Compensation Court of Existing Claims affirming the order 
of the trial court. The trial court denied Claimant's compensation claim under 
the second exclusion found in 85 
O.S. 2011 § 312(6); that is, the trial court denied coverage on the basis 
that Claimant's injury occurred in an area where essential job functions are not 
performed. The three-judge panel, with one judge dissenting, affirmed. Based on 
our review, we vacate the Order and remand for further proceedings.
BACKGROUND
¶2 In Claimant's Form 3, she alleged that in January, 2013, while employed as 
a "floater" for Respondent Southwest Cupid (Employer), she sustained a 
single-event injury to her left hand when she fell on her way back to work. 
Trial was held in January, 2014. At trial, Employer admitted Claimant was its 
employee and "covered under the Act." However, Employer denied Claimant 
sustained a compensable injury "based on [Leandro v. American Staffcorp, 
Inc., 2013 OK CIV APP 68, _ 
P.3d _]," an opinion affirming a denial of compensability for an injury that 
occurred in an area controlled by the employer, but where essential job 
functions were not performed.
¶3 Claimant testified at trial that her job as a floater for Employer 
consisted of the following: "Whenever other employees holler that they need 
something [I] go and get it for them . . . and I lift boxes up on to the 
shipping line." Claimant testified that the accident occurred as "I was 
returning from lunch and I parked my car in the parking lot and I was walking to 
the building and I tripped on a piece of cement in the sidewalk. It came out of 
the sidewalk and I fell." She stated that her shift had already begun earlier 
that day, and the accident occurred as she was returning to work after her lunch 
break. She stated that, at the end of her 45-minute lunch break, she drove back 
to work and parked her car in the parking lot beside Employer's building. She 
then "had to walk around the side of the building and down the sidewalk and then 
around to the front door." She stated that she was walking back to work on the 
only sidewalk that leads to the front door when she fell. She stated that the 
front door is the only door through which she can access Employer's 
building.
¶4 On cross-examination, Claimant responded in the affirmative when 
questioned whether Employer "provide[s] a break or lunchroom area or kitchen?" 
Claimant also responded in the affirmative when questioned whether she "had the 
ability to have lunch at the office or at the building[?]" Despite this ability, 
Claimant testified that she went home for lunch, and she agreed that this was 
her own choice.
¶5 Also on cross-examination, Claimant testified that the parking lot where 
she parked her car is Employer's parking lot. She testified that the sidewalk 
where she fell is used only by Employer and Employer's employees.
¶6 Claimant testified that she does not have a workstation at work because 
she has what is "called a floating job. You go from different areas to different 
areas for what you're needed to do." However, she stated that Employer's 
building is one large warehouse, and she responded in the negative when 
questioned whether "any part of your job take[s] place outside of the 
warehouse?" She also responded in the negative when questioned whether "any part 
of your job[] [is] done around the area where you fell?"
¶7 In its order filed in February, 2014, the trial court denied 
compensability, finding that Claimant's

 
 injury returning to work after a lunch break while on employer controlled 
 property is not compensable under Title 85, O.S. § 312(6) as it is not an 
 area under which essential job functions were performed. . . . All parties 
 agreed [C]laimant had no job duties in the area [where] she fell. She 
 furthermore was coming off a personal errand as she had chosen to go home 
 for lunch and was returning to the job site. She could have chosen to eat at 
 Employer's place of business. She chose not to. . . 
.
¶8 Claimant appealed the trial court's order to a three-judge panel. In its 
Order filed in June, 2014, the three-judge panel, with one judge dissenting, 
affirmed the trial court's order denying compensation.
¶9 From the three-judge panel's Order, Claimant appeals.
STANDARD OF REVIEW
¶10 The applicable standard of review is set forth in Graham Public 
Schools v. Priddy, 2014 OK 
30, 328 P.3d 1190, and 
Carney v. DirecTV Group, Inc., 2014 OK CIV APP 4, 316 P.3d 234. In Priddy, the 
Oklahoma Supreme Court stated:

 
 Where there is no conflict in the evidence and no opposite inferences to 
 be drawn from undisputed proof, the question of whether an injury arises out 
 of and in the course of employment is one of law. Questions of law are 
 reviewed by a de novo standard under which this Court has plenary, 
 non-deferential and independent authority to determine whether lower courts 
 have erred in their legal rulings.
Priddy, ¶ 8 (citations omitted). Similarly, in Carney, this 
Court stated:

 
 The issue of whether a claimant's injury arose out of and in the course 
 of employment has historically been a question of fact for the Workers' 
 Compensation Court. However, the material fact questions relating to 
 Claimant's presence in the parking lot and how her injury occurred were 
 undisputed. Where there is no conflict in evidence and no opposite 
 inferences may be drawn from undisputed proof, the question is one of law. 
 This court reviews conclusions of law by a de novo standard, 
 performing an independent, non-deferential re-examination of the trial 
 court's legal rulings. If the undisputed facts do not support the workers' 
 compensation court's order, the order will be 
vacated.
Carney, ¶ 9 (citations omitted) (internal quotation marks 
omitted).
ANALYSIS
¶11 The law in effect at the time of the alleged injury provides, in 
pertinent part, as follows:

 
 The following shall not constitute a compensable injury under the 
 Workers' Compensation Code:
 . . . ;
 6. An injury which occurs outside the course of employment. Employment 
 shall be deemed to commence when an employee arrives at the employee's place 
 of employment to report for work and shall terminate when the employee 
 leaves the employee's place of employment, excluding areas not under the 
 control of the employer or areas where essential job functions are not 
 performed; provided, however, when the employee is instructed by the 
 employer to perform a work-related task away from the employee's place of 
 employment, the employee shall be deemed to be in the course of employment 
 when the employee is engaged in the performance of job duties directly 
 related to the task as instructed by the employer, including travel time 
 that is solely related and necessary to the employee's performance of the 
 task. Travel by a policeman, fireman, or a member of a first aid or rescue 
 squad, in responding to and returning from an emergency, shall be deemed to 
 be in the course of employment.
85 O.S. 2011 § 312 (emphasis 
added). "Section 312(6) addresses only . . . the requirement that a compensable 
injury occur 'in the course of' employment, and provides statutory guidance for 
determining that issue. Prior to the adoption of this language, the 'in the 
course of' requirement was defined by judicial decisions." Carney, ¶ 
11.
¶12 An earlier version of this statute was enacted in 2010.[1] As stated by the Oklahoma 
Supreme Court, the 2010 version also provided, "in pertinent part, that 
'Employment shall be deemed to commence when an employee arrives at the 
employee's place of employment to report for work and shall terminate when the 
employee leaves the employee's place of employment.'" Priddy, ¶ 4. The 
2010 version also contained the same "two exclusions: (1) injuries in areas not 
under the control of the employer, and (2) injuries in areas where essential job 
functions are not performed." Id. ¶ 4.
¶13 As was the case in Carney, Leandro, and Priddy, the 
undisputed facts in this case render the first exclusion inapplicable. See 
Carney, ¶ 27 ("It is undisputed that [the employer] controlled the parking 
lot where [the claimant] fell."); Leandro, 2013 OK CIV APP 68, ¶ 8 (The 
parking lot where the injury occurred was "leased by [the employer]" and the 
employer, therefore, had "some limited control" of the parking lot sufficient to 
render the first exclusion inapplicable.). See also Priddy, ¶ 2 
(The claimant slipped on a rug placed outside the employer's door that employees 
used to exit the employer's school building). Here, the parking lot where 
Claimant parked her car is Employer's parking lot, and the sidewalk where the 
injury occurred is located on Employer's property. Furthermore, the sidewalk 
where Claimant fell is the only sidewalk leading to the front door of Employer's 
warehouse, and this front door, in turn, is the only door through which Claimant 
can access Employer's building. Finally, the sidewalk where Claimant fell is 
used only by Employer and Employer's employees. Consequently, we conclude that 
the area where Claimant fell is an area "under the control" of Employer for 
purposes of § 312(6), and, accordingly, the first exclusion does not apply.
¶14 We now turn to the second exclusion, which directs that injuries that 
occur in "areas where essential job functions are not performed" are not 
compensable because outside the course of employment. The term "essential job 
functions" has been construed in a manner consistent with case law pre-dating 
the enactment of the statutory language at issue, and a narrow interpretation of 
this term has been rejected. In Carney, this Court indicated that a 
narrow construction of this term would result in the denial of compensation for 
injuries that occur in areas controlled by the employer, but allow compensation 
for other injuries that occur in areas controlled by the employer, in a manner 
that is inconsistent and irrational. For example, we stated in Carney 
that such a narrow construction would

 
 deny coverage to a worker employed as a truck driver injured while 
 walking from the worker's personal vehicle to the employer's office, but 
 cover an injury if it occurred while the worker, after "clocking in," was 
 walking across the same parking lot to the employer's vehicle to begin work. 
 The multiplicity of inconsistent results from this interpretation is not 
 permissible. Statutory construction that would lead to an absurdity must be 
 avoided and a rational construction should be given to a statute if the 
 language fairly permits.
Carney, ¶ 23 (citation omitted) (internal quotation marks 
omitted).
¶15 Although an overly narrow interpretation of the term "essential job 
functions" has been rejected, the second exclusion "adopted by the Legislature 
would be superfluous if any injury on premises controlled by an employer 
was automatically deemed to be in the course of employment." Leandro, 2013 OK CIV APP 68, ¶ 11. Moreover, 
"it has long been recognized that mere presence on an employer's premises is not 
determinative of compensability. Not all injuries on an employer's premises are 
compensable." Id.
¶16 Rather than deeming any injury on premises controlled by an 
employer to have automatically occurred during the course of employment, this 
Court, in Carney, and the Oklahoma Supreme Court, in Priddy, have 
concluded that when an injury occurs in an area under the control of the 
employer, the longstanding case law addressing "a going or coming injury" is to 
be applied. See Priddy, 2014 
OK 30, ¶ 5.
¶17 In Carney, the claimant was injured in a parking lot controlled by 
the employer while returning to work from her lunch break. "As [the claimant] 
entered [the employer's] parking lot, she tripped over a parking-lot curb, hit 
her right shoulder on the bumper of a car parked on the lot and fell to the 
pavement." Carney, ¶ 2. In Carney, as in the present case, the 
trial court denied compensability based on the second exclusion: i.e., in 
Carney, the trial court found that "the location of the incident is not 
an area where essential job functions are performed and therefore the injuries 
occurred outside the course of her employment . . . ." Id. ¶ 7.
¶18 As stated, the Carney Court construed the second statutory 
exclusion in a manner consistent with "going to or coming from work" case 
precedent predating the 2010 statutory change. The Carney Court found 
that the claimant's injury - an injury that occurred while the claimant was 
walking back to work from her lunch break and in an employer-controlled area - 
was not excluded under the second exception. The Carney Court concluded 
that "the trial court's determination that the [c]laimant's injury was not 
compensable because it did not occur in a place where 'essential job functions 
are performed' is . . . contrary to long-established Oklahoma law." Id. ¶ 
25.
¶19 In Leandro, the claimant was also injured as a result of a fall in 
a parking lot. The claimant in Leandro went to her car during a scheduled 
15-minute break to retrieve a water bottle because she was thirsty. "As she 
approached her car, [c]laimant caught her foot in a crack in the parking lot and 
she fell onto her hands." Leandro, ¶ 4. However, evidence was presented 
that the claimant went to her car for water despite the fact that

 
 a water fountain was available immediately inside [c]laimant's work area 
 and there were pop machines and water machines in a break room, as well as 
 refrigerators for the employees to use. Ten feet away from the water 
 fountain and around a corner, there was a sink in a hallway outside the 
 break room. [A witness] testified the sink was used for hand washing, food 
 preparation, and to fill cups of water. Styrofoam cups were available five 
 feet away on shelves in the break room.
Id. ¶ 5. The Leandro Court sustained the denial of compensation 
because the claimant's "job was to assemble parts," and "[h]er decision to go to 
her car rather than to use employer-provided resources was in furtherance of an 
on-the-premises personal purpose or mission, not in furtherance of an essential 
job function." Id. ¶ 12.
¶20 Although the Carney Court "agree[d] with the Leandro 
Court's interpretation of section 312(6)," it concluded that "the facts in that 
case are distinguishable." Carney, ¶ 26. In particular, the Carney 
Court concluded that "the personal mission exception to the parking lot rule" 
applied in Leandro was inapplicable to the circumstances presented in 
Carney. Id. The facts presented in Carney were deemed to be 
distinguishable because the claimant in Carney "testified that because 
[the employer's] cafeteria was closed during her night shift it was 
necessary for her to leave the premises in order to eat lunch." Id. ¶ 
27 (emphasis added).
¶21 Here, Claimant's services as a "floater" were required throughout 
Employer's warehouse, but Claimant testified that her job did not "take[] place" 
outside Employer's warehouse, such as "around the area" where she fell on the 
sidewalk. In addition, Claimant testified Employer provided a lunchroom, that 
she had the ability to eat lunch in Employer's building, and that, nevertheless, 
she chose to leave the premises for lunch.
¶22 Unlike in Carney, where the cafeteria was closed and, in order to 
eat lunch, "it was necessary for [the claimant] to leave the premises," here, 
Claimant admits that a lunchroom was available, that she had the ability to eat 
lunch in Employer's building, and that she simply chose, instead, to leave the 
premises for lunch. As in Leandro, where the claimant made a "decision to 
go to her car rather than to use employer-provided resources," Claimant made a 
decision to leave work and go home for lunch rather than use employer-provided 
resources.
¶23 However, at least as it pertains to the circumstances of the present 
case, we disagree with the importance of the distinction, drawn in 
Carney, between the availability and nonavailability of employer-provided 
resources. Further, we conclude that the Leandro Court ultimately relied 
upon an overly narrow interpretation of the term "essential job functions."
¶24 "[I]njuries sustained while going to and coming from work, when occurring 
on employer's premises, are normally deemed to have arisen out of and in the 
course of employment." Barnhill v. Smithway Motor Express, 1999 OK 82, ¶ 15, 991 P.2d 527 (citation omitted) 
(emphasis omitted). "[P]ersonal comfort missions (e.g. using restroom 
facilities), during working hours on employer's premises, are generally 
considered in the course of employment . . . ." Id. ¶ 16 (emphasis 
omitted).

 
 It is axiomatic that compensable injury must arise within time and space 
 limitations of employment, and also within the course of activity related to 
 employment. An employee's activity is work related if the employer's 
 purposes are being carried out, or the employer's interests are being 
 directly or indirectly advanced. This principle is the foundation for the 
 doctrine that work-connected activity reaches beyond the direct services 
 performed and includes ministrations to the personal comfort and needs of 
 employees. For example, with respect to the status of an employee while 
 he is eating his lunch on the employer's premises, some courts have reasoned 
 that food is essential to continued labor, and that an employee, in 
 refreshing himself by eating during the lunch hour, is doing that which is a 
 necessary incident of his employment.
 This theory has provided basis for concluding that injury occurring 
 during course of an unpaid lunch period on the employer's premises comes 
 within course of the employment. Similarly, it has been reasoned that if 
 an injury which occurs while going to and from work on the premises is 
 compensable, then an injury going to and from lunch on the premises is 
 covered. Thus, if going to and from lunch on the premises is within 
 course of employment, then remaining on the premises and eating lunch must 
 be within the employment.
 The principle is not new. An early English case . . . announced the 
 principle. A workman paid by the hour, but not including meal time, could 
 take his meal on the premises, or go elsewhere as he chose. The workman 
 sat down to eat his meal on the premises and was injured by a falling wall. 
 The court held the eating period did not break the employment, since the 
 mere fact the employee was not paid for the time, and while eating was not 
 engaged in main purpose of the work, did not create a cessation of the 
 employment, since it was to the employer's advantage that employees have the 
 opportunity to eat and thereby perform their work all the 
 better.
Richey v. Commander Mills, Inc., 1974 OK 47, ¶¶ 6-8, 521 P.2d 805 (citations omitted) 
(emphasis added). "[W]ork-connected activity reaches beyond direct services 
performed and includes ministrations to the personal comfort and needs of 
employees, while at work, and . . . such activities are necessary incidents of 
the employment." Barnhill, ¶ 16 (citing Richey).
¶25 In the present case, Claimant left Employer's premises during her 
allotted lunch break to eat lunch. She was not required to stay on premises for 
lunch, and could eat lunch on premises, or leave Employer's premises to eat 
lunch, as she chose. Although compensation was denied in Corbett v. Express 
Personnel, 1997 OK 40, 936 P.2d 932, where the claimant was 
injured in the employer's parking lot while leaving work before his allotted 
break period and to do personal business at his bank, the facts presented in 
Corbett are plainly distinguishable from those presented in the present 
case. Here, Claimant sustained an injury, on Employer's premises, while 
returning from her lunch break. Claimant's activities were related to her needs 
to eat and drink - needs sufficiently related, even if indirectly, to her 
employment - and her ministration to these needs occurred during the time 
allotted by Employer, and her injury occurred while rightfully on the sole 
sidewalk to the front door of Employer's building. The time, place and 
circumstances of the accidental injury reveal that it occurred in the course of 
Claimant's employment. In this regard, see also Fudge v. University of 
Oklahoma, 1983 OK 67, ¶ 7, 673 P.2d 149 (Denial of compensation 
vacated by Supreme Court because claimant sustained her injury while walking to 
her car while "taking a regular lunch break," and "[a]bsent unusual 
circumstances . . . a worker is not deemed to be without the scope of his 
employment while he is proceeding, during a regular lunch break, to his car that 
is parked in the employer-provided parking lot.") (footnote omitted).
¶26 Consequently, Claimant's injury must be deemed to have occurred in an 
area where essential job functions are performed, and to have occurred in the 
course of her employment. Therefore, we vacate the Order of the three-judge 
panel, and we remand for further proceedings.
CONCLUSION
¶27 Based on our review, we conclude Claimant's on-premises injury that 
occurred while returning from her lunch break is not excluded as an 
injury occurring outside the course of her employment in an "area[] where 
essential job functions are not performed" under 85 O.S. 2011 § 312(6). Therefore, 
we vacate the Order of the three-judge panel, and remand for further proceedings 
consistent with this Opinion.

¶28 VACATED AND REMANDED FOR FURTHER PROCEEDINGS.

RAPP, P.J., and THORNBRUGH, J., concur.

FOOTNOTES

[1] Title 
85 O.S. Supp. 2010 § 11(A)(5). 
See also Hogg v. Okla. Cnty. Juvenile Bureau, 2012 OK 107, ¶ 4, 292 P.3d 29 (demonstrating that the 
pertinent statutory language is the same in both versions); Carney, ¶ 10 
("The language in [§ 312(6)] was first adopted in 2010, see 85 O.S. Supp. 2010 § 11(A)(5), and 
reenacted the following year."). We note that this language was repealed by Laws 
2013, SB 1062, ch. 208, § 171, eff. February 1, 2014.





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2013 OK CIV APP 68, LEANDRO v. AMERICAN STAFFCORP, INC.
Discussed at Length
 2014 OK CIV APP 4, 316 P.3d 234, CARNEY v. DIRECTV GROUP, INC.
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1997 OK 40, 936 P.2d 932, 68 OBJ 1282, Corbett v. Express Personnel
Discussed
 1974 OK 47, 521 P.2d 805, RICHEY v. COMMANDER MILLS, INC.
Discussed
 2012 OK 107, 292 P.3d 29, HOGG v. OKLAHOMA COUNTY JUVENILE BUREAU
Discussed
 2014 OK 30, 328 P.3d 1190, GRAHAM PUBLIC SCHOOLS v. PRIDDY
Discussed at Length
 1999 OK 82, 991 P.2d 527, 70 OBJ 2946, Barnhill v. Smithway Motor Express
Discussed
 1983 OK 67, 673 P.2d 149, Fudge v. University of Oklahoma
Discussed
Title 85. Workers' Compensation
 Cite
Name
Level

 85 O.S. 312, Repealed by Laws 2013, SB 1062, c. 208, § 171, eff. February 1, 2014
Discussed at Length
 85 O.S. 11, Repealed by Laws 2011, SB 878, c. 318, § 87
Discussed